UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                   Plaintiff

v.                                                                Criminal Action No. 3:22-cr-57-RGJ

BRENNAN CUNDIFF                                                                                 Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

This case comes before the Court on a motion for a bill of particulars, two motions to exclude, and a motion for attorney-conducted voir dire by Defendant Brennan Cundiff ("Cundiff"). [DE 254; DE 253; DE 255; 266]. Briefing is complete and the matters are ripe. [DE 260; DE 261; DE 262; DE 263]. As for Cundiff's motion to exclude 404(b) evidence [DE 255], the United States indicates that it does not intend to introduce such evidence. [DE 262 at 1282]. Accordingly, the motion to exclude 404(b) evidence [DE 255] is **DENIED** as moot. For the reasons below, the motion for a bill of particulars [DE 254] is **DENIED;** the motion to exclude anticipated lab reports [DE 253] is **DENIED without prejudice**; and the motion for attorney-conducted voir dire is **DENIED**.

## BACKGROUND

Cundiff was first indicted in this case, along with four co-defendants, on June 15, 2022.[1] [DE 1]. Cundiff is charged in the Second Superseding Indictment with one count of conspiracy to possess with intent to distribute controlled substances, three counts of distribution of methamphetamine, once count of distribution of cocaine, one count of distribution of fentanyl, one

---

[1] The indictment was superseded first on July 20, 2022 [DE 36, First Superseding Indictment] and again on June 18, 2024. [DE 239, Second Superseding Indictment].

count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon. [DE 239].

## DISCUSSION

### I. Motion for Bill of Particulars as to Count Seven [DE 254]

The Second Superseding Indictment omitted the charges of co-defendants present in the first two indictments. Accordingly, Count Eight of the First Superseding Indictment—a § 924(c) charge against Cundiff and a former co-defendant—became Count Seven of the Second Superseding Indictment—a §924(c) charge against Cundiff alone. The First Superseding Indictment read:

> On or about June 17, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, Brennan Cundiff and Justin Woodall, in furtherance of the drug trafficking crime set forth in Count 1 of this Superseding Indictment, possessed a firearm, to wit, a Umarex, 22LR caliber rifle, bearing serial number HA03105.

[DE 36 at 114–15]. Count Seven of the Second Superseding Indictment reads:

> On or about and between March 22, 2022 and June 17, 2022, in the Western District of Kentucky, Jefferson County, Kentucky and elsewhere, the defendant, Brennan Cundiff, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States.

[DE 239 at 1165]. Thus, the most recent indictment expanded the date range of the conduct, removed reference to a particular gun, and omitted reference to a particular trafficking offense. Defendant now moves for a bill of particulars identifying the nexus between an instance of his possession of a firearm and the furtherance of a particular trafficking offense. [DE 254]. The United States opposes the request. [DE260].

The United States Supreme Court has explained that an indictment satisfies constitutional requirements "if it, first, contains the element[s] of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an

2

acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir.2000). Under Federal Rule of Criminal Procedure 7(f), a defendant may move the Court to order the government to provide a bill of particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The decision whether to grant a motion for a bill of particulars lies within the district court's discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004). The Court should grant a motion for a bill of particulars if (1) it is necessary to avoid surprise at the time of trial, (2) when the indictment is so vague that the defendant cannot prepare his defense, or (3) when the indictment is so indefinite that it would be insufficient to bar a second prosecution for the same crime. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). Once a bill of particulars is filed, it confines the United States' evidence to the particulars furnished, and therefore restricts the United States' proof. *United States v. Haskins,* 345 F.2d 111, 114 (6th Cir. 1965).

Granting a motion for bill of particulars is not appropriate "merely to aid a defendant in discovery." *United States v. Watkins*, No. 1:06-CR-00048, 2007 WL 1239208, at *1 (W.D. Ky. Apr. 27, 2007). And "[a] defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *Musick*, 291 F. App'x at 724 (citations omitted). In determining whether further details are needed in the form of a bill of particulars, the Court can consider whether sufficient discovery has been provided from which a defendant can prepare to defend against the charges. *United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013).

To prove a violation of § 924(c)(1)(A), the United States must prove that a named defendant "'possesse[d] a firearm,' 'in furtherance of' a 'drug trafficking crime.'" *United States v. Bailey*, 553 F.3d 940, 949 (6th Cir. 2009) (quoting 18 U.S.C. § 924(c)(1)(A)). But the United States need not (1) obtain a conviction for the predicate drug offense or (2) identify the specific firearm possessed by a defendant. *United States v. Smith*, 182 F.3d 452, 457 (6th Cir. 1999) (holding § 924(c) "does not even require that the [predicate] crime be charged; a fortiori, it does not require that [the defendant] be convicted."); *United States v. Steele*, 919 F.3d 965, 973 (6th Cir. 2019) (holding § 924(c) does not require a jury to find that a defendant possessed a specific gun).

In *United States v. Morales*, the court considered motions for a bill of particulars regarding 924(c) charges in a twenty-seven-defendant case. 668 F. Supp. 3d 774, 790 (M.D. Tenn. 2023). After noting that 924(c)(1)(A) requires the government to prove a nexus between a defendant's possession of a firearm and the furtherance of a drug trafficking crime, the court reasoned that many of the defendants charged could reasonably deduce a nexus from the face of the indictment. *Id*. For example, defendants charged with both drug and weapon possession on the same day could thereby "readily ascertain" when they were alleged to have possessed a firearm in relation to a drug trafficking crime. *Id.*; *see also United States v. Bibbs*, No. 3:19-CR-151-TAV-DCP, 2021 WL 2383326, at *7 (E.D. Tenn. June 10, 2021) (denying motion for bill of particulars for 924(c) charge where the indictment alleged defendant's possession of a firearm and possession with intent to distribute occurred on the same day). However, for defendants who lacked such corresponding dates, ascertaining when they were alleged to have possessed a firearm in furtherance of a drug trafficking crime "may not be so clear." *Id*. at 791.

Count Seven, the § 924(c) charge, alleges Cundiff possessed a firearm in furtherance of a drug trafficking crime between March 22 and June 17, 2022. This is the same date range as the drug trafficking conspiracy charged in Count One. [DE 239 at 1162]. Additionally, the 922(g)(1) charge is dated June 17, 2022. [*Id*. at 1166]. Thus, Cundiff is charged with both possessing a firearm and engaging in a drug trafficking conspiracy on the same dates. This is sufficient to render the nexus between Cundiff's alleged possession of a firearm and an alleged drug offense "readily ascertain[able]" from the face of the second superseding indictment. *Morales*, 668 F. Supp. 3d at 790.

Regarding the Second Superseding Indictment's expanded date range, Cundiff is not entitled to a bill of particulars detailing the exact date of the conduct charged. *See United States v. Darden*, 346 F. Supp. 3d 1096, 1119 (M.D. Tenn. 2018) ("a court is not required to grant a Bill of Particulars seeking the exact date, time, and location of overt acts."); *United States v. Turner*, No. 14-20019, 2015 WL 687313, at *3 (E.D. Mich. Feb. 18, 2015) (rejecting motion for bill of particulars in case where the defendant was charged with possessing a firearm in furtherance of a crime of violence where defendant requested "the exact date and times and specific place on which each specific alleged offense occurred"). Nor is the United States obligated to specify how it intends to prove the elements of a charged offense. *Musick*, 291 Fed. App'x. at 724 ("The bill of particulars is not intended as a means of learning the government's evidence and theories.") (internal quotations and citation omitted); *see also United States v. Hofstetter*, No. 3:15-CR-27-TAV-CCS, 2018 WL 813254 (E.D. Tenn. Feb. 9, 2018) (holding no bill of particulars was required to identify overt acts when the government was not required to prove overt acts as an element of the offense). Further, Cundiff does not allege that discovery has been insufficient in any way. And "[a] defendant is not entitled to a bill of particulars for information that is available through

5

other sources." *United States v. Ramadan*, No. 17-20595, 2020 WL 2745307, at *3 (E.D. Mich. May 27, 2020) (citing *United States v. Stone*, No. 10-20123, 2011 WL 4708783, at *5 (E.D. Mich. Oct. 11, 2011)).

The Second Superseding Indictment is sufficient to inform Cundiff "of the charge against which he must defend". *Maney*, 226 F.3d at 663. The United States need not provide additional "'[e]videntiary details such as the who, what, when, where, and why of the crimes alleged.'" *Bibbs*, 2021 WL 2383326, at *7 (quoting *United States v. Galecki*, No. 2:15-CR-285-APG-PAL, 2018 WL 2390062, at *3 (D. Nev. May 24, 2018)). As a result, the motion [DE 254] will be **DENIED.**

## II.      Motion to Exclude Anticipated Lab Reports [DE 253]

The First Superseding Indictment charged Cundiff with conspiracy to possess 500 grams or more of a *mixture containing* methamphetamine [DE 36 at 111]. The Second Superseding Indictment charges Cundiff with conspiracy to possess 50 grams or more of methamphetamine. [DE 239 at 1162]. Lab reports for the drugs implicated in counts two and three were completed after the first superseding indictment was returned. [DE 261, U.S. Resp. at 1278]. The results of the tests showed purity sufficient to charge the actual drug, which the United States did in the Second Superseding Indictment. [*Id*.]. Defense counsel received the tests during pretrial discovery on August 24, 2022 and January 11, 2023, respectively. [*Id*.].

At the pretrial conference held on June 26, 2024, the United States notified the Court and opposing counsel that it was retesting the drug evidence because the chemist responsible for the original tests is not available to testify during trial. [DE 261 at 1279]. The Court cautioned counsel for the United States to produce the new reports quickly in light of the upcoming trial date. Defense counsel did not object at the pretrial conference, but now objects to the production of new lab reports as a violation of the Court's discovery order. [DE 253].

Under Fed. R. Crim. P. 16(d), the Court may take the following actions if a party fails to comply with the discovery rules:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

The Sixth Circuit has identified three factors which should be considered when deciding the appropriate remedy for a discovery violation: "(1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess." *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995).

First, the Court notes that the United States provided the original test result to Cundiff within the discovery window, and he does not object to those results. Instead, Cundiff objects, principally, to the timing of the retesting, although he also questions the United States' stated reason for seeking new tests: that its witness is unavailable for trial. [DE 253 at 1255–56].

The Court agrees that new test results disclosed on the eve of trial pose a risk of prejudice. But Cundiff does not identify any specific prejudice he has suffered as a result of the late retesting. Nor could he, considering the test results have not been released.[2] Without knowing whether retesting will be done, when the tests will be released or their results, the Court cannot determine whether any prejudice will result from retesting. As with any test, there is a possibility that the findings will be more favorable, less favorable, or result in no change to Cundiff's case. Additionally, the Court impressed upon the United States the importance of timely disclosure of

---

[2] As of July 15, 2024, the date of the United States' response.

7

the new results and Rule 16 report at the pretrial conference. Therefore, Cundiff's motion to exclude [DE 256] is premature and will be **DENIED without prejudice**.

### III.     Motion for Live Attorney-Conducted Voir Dire [DE 266]

Cundiff also moves for his counsel to be permitted to conduct in-person, attorney-conducted voir dire in this case. [DE 266]. To the extent Cundiff's motion is based on a request for live voir dire, it is moot. As discussed at the pretrial conference, voir dire will occur in open court where the parties may observe panelists' demeanor and responses to questioning. This in-person voir dire is in addition to the extensive electronic written questionnaires approved by Defense counsel at the final pretrial conference.

Defense counsel enjoyed ample opportunity to object to the substance of the electronic juror questionnaire and suggest questions to be asked on the venire. Counsel was provided the first draft of the questionnaire on June 13, well before Defense counsel submitted his pretrial memorandum on June 25. Defense counsel requested additional voir dire questions in his pretrial memorandum, which were added to the questionnaire in advance of the final pretrial conference on June 26. Defense counsel did not attend the pretrial conference, instead sending his colleague. The parties discussed the questionnaire at length and Defense counsel's representative requested to strike question 51—the very question Defense counsel had requested in their pretrial memorandum. The Defense made no other objections to the voir dire process or the contents of the questionnaire.

Additionally, the Court's order following the pretrial conference directed the parties to submit any objections to the questionnaire by June 28. [DE 252]. Defense counsel failed to object and now raises this motion—devoid of legal support—on the eve of trial. If not affirmatively waived, such arguments have certainly been forfeited at this late stage.

At the in-person voir dire, Defense counsel will not only have all the information provided by the venire in their questionnaires in their possession which they can request the court to follow up on, but also their in-person observations and responses made at the bench during follow up questions by the court. Finally, counsel will be able to request additional in-person questions be asked of any potential juror. There can be no question with the extensive information in the questionnaires as well as extensive in-person follow up and in-court observation, that Defendant will have more than sufficient information for the selection of a fair and impartial jury as well as more than sufficient opportunity for counsel and the defendant to "determine the credibility and fullness of responses based on the body language and demeanor (e.g., nervousness, inattention) of the panelists." [DE 266 at 2024]. There is also no question that the process provides an ample opportunity for the defendant and counsel "to be able to determine which panelists may have an adverse reaction upon seeing the defendant in the courtroom." [*Id.*]. As a result, Defendant's motion on this issue is **DENIED as MOOT**.

As for Cundiff's second request, attorneys are not entitled to conduct voir dire in federal court. *United States v. Farris*, 733 Fed. App'x. 237, 240-41 (6th Cir. 2018) ("a district court judge is not required to provide any explanation or allow attorneys to conduct voir dire"); *Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991) ("the trial court retains great latitude in deciding what questions should be asked on voir dire"). Under Federal Rule of Criminal Procedure Rule 24, "the district court judge has discretion to examine prospective jurors herself, and she is required only to ask questions suggested by the attorneys when she believes they are proper." *Farris*, 733 Fed. App'x. 237 (6th Cir. 2018). As a result, this portion of Defendant's motion is **DENIED**.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Cundiff's motion to exclude 404(b) evidence [DE 255] is **DENIED** as moot;

2) Cundiff's motion for a bill of particulars [DE 254] is **DENIED**;

3) Cundiff's motion to exclude anticipated lab reports [DE 253] is **DENIED** without prejudice.

4) Cundiff's motion for in-person voir dire [DE 266] is **DENIED as MOOT** and motion for attorney-conducted voir dire [DE 266] is **DENIED**.

5) The United States shall disclose any new test results and expert witness reports in conformity with Federal Rule of Criminal Procedure 16 as quickly as possible before trial.

July 24, 2024

Rebecca Grady Jennings, District Judge
United States District Court